**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACKERY ALLEN MCKENZIE,

Defendant - Appellant.

No. 24-910

D.C. No.
4:23-cr-00941-SHR-LCK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted April 2, 2025[**]
Phoenix, Arizona

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

Appellant Zackery McKenzie ("McKenzie") appeals his bench trial conviction for one count of Conspiracy to Transport Illegal Aliens for Profit and three counts of Transportation of Illegal Aliens for Profit in violation of 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1324(a)(1), challenging the denial of his motion to suppress evidence obtained from a traffic stop in a national wildlife refuge north of the Arizona–Mexico border. We affirm.

We review de novo the denial of a motion to suppress and the determination of underlying factual findings for clear error. *United States v. Lara*, 815 F.3d 605, 608–09 (9th Cir. 2016) (citing *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009)). We also review de novo a district court's interpretation of a federal regulation. *See United States v. Obendorf*, 894 F.3d 1094, 1098 (9th Cir. 2018).

McKenzie was not exempt from 50 C.F.R. § 27.31 simply because he was traveling on Arizona State Route 286. State traffic laws "shall govern traffic" in national wildlife refuges. *Id.* § 27.31(a). Further, Fish and Wildlife Officers are authorized to "insure the safety of the using public to the fullest degree possible" in these refuges. 50 C.F.R. § 28.21. Together, these regulations expressly contemplate Fish and Wildlife Officers conducting traffic stops on roads within refuges.

McKenzie failed to demonstrate that state-owned highways within a refuge fall outside of § 27.31(a)'s ambit. To read an unstated exception for state-owned highways would conflict with the duties of Fish and Wildlife Officers. *See Barboza v. Cal. Ass'n of Pro. Firefighters*, 651 F.3d 1073, 1078 (9th Cir. 2011) ("Under our precedent, we construe regulations so as to give effect and meaning to each of a regulation's subsections, if possible."); 50 C.F.R. § 28.21. Therefore, by traveling

10 miles per hour over the posted speed limit in violation of A.R.S. § 28-702.01, McKenzie violated 50 C.F.R. § 27.31(a), and Officer Amos acted within his authority in conducting the stop.

McKenzie's Tenth Amendment argument also fails as Congress delegated its authority to the Secretary of the Interior to regulate national wildlife refuges. *See United States v. Millis*, 621 F.3d 914, 917 (9th Cir. 2010). Given that Congress exercised its authority over that federal land, "the Tenth Amendment expressly disclaims any reservation of that power to the States." *New York v. United States*, 505 U.S. 144, 156 (1992).

Officer Amos's actions were permissible under the Fourth Amendment. *See United States v. Becerra-Garcia*, 397 F.3d 1167, 1175 (9th Cir. 2005) (rejecting that a traffic stop "is automatically unreasonable if the officers lacked authority to conduct the seizure"). Confirming through his radar system that McKenzie was traveling 10 miles per hour over the posted speed limit, Officer Amos reasonably believed this to be a violation of federal regulations. This was sufficient justification to conduct the traffic stop. *See United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) ("A traffic violation alone is sufficient to establish reasonable suspicion."). During the stop, the undocumented immigrants were in plain view as Officer Amos approached the vehicle.

Observing five people wearing camouflage "piled on top of each other in the back seat" not previously visible in the vehicle, coupled with Agent Weber's previous observations, provided a constitutionally sufficient reason to investigate further. *See United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015) ("[A]n officer may prolong a traffic stop if the prolongation itself is supported by independent reasonable suspicion."); *see also United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152–53 (9th Cir. 2007) (allowing police to ask for identification at a traffic stop). No Fourth Amendment violation occurred here.

**AFFIRMED.**